**DEPARTMENT OF ECONOMIC**
# DEVELOPMENT
## AND COMMERCE
GOVERNMENT OF PUERTO RICO

| | |
|---|---|
| **The Phoenix Fund LLC** <br><br> Grantee | **Case No.: 2022-Act60/2041.03-000052** |

## ORDER OF REVOCATION OF
## GRANT OF TAX EXEMPTION

WHEREAS, on February 29, 2024, the Secretary of the Department of Economic Development and Commerce of the Government of Puerto Rico ("Secretary") issued a Grant to The Phoenix Fund LLC ("Grantee"), Case No. 2022-Act60/2041.03-000052, pursuant to the terms of Act No. 60-2019, as amended ("Act"), covering eligible private equity fund activities under Section 2044.03 of the Act, retroactively effective as of December 30, 2022 ("Grant");

WHEREAS, on January 14, 2025, the Office of the Commissioner of Financial Institutions ("OCIF") issued a letter addressed to Grantee notifying that it would be subject to an examination beginning on January 27, 2025, as authorized by applicable law and regulation;

WHEREAS, Grantee did not produce the information and documentation requested by OCIF through multiple requirements and, as part of the examination process, OCIF found that Grantee did not inform its investors of its operating results on a quarterly (unaudited) and annual (audited) basis for the period from January 2021 to December 2024, as required by Article 6(b) of Act No. 185-2014 and Section 2044.03(g)(2) of the Act;

WHEREAS, OCIF determined that Grantee (i) did not file with OCIF the required quarterly or annual reports for fiscal years 2023, 2024, and 2025; (ii) did not maintain nor provide OCIF with account opening records; and (iii) has been the subject of at least six lawsuits for collection of money and/or breach of contract, and three writs of prejudgment liens;

WHEREAS, OCIF granted multiple extensions for Grantee to provide the requested information and documentation, and even after all granted extensions had expired—the last one due on May 16, 2025—it remained in noncompliance and continued failing to remit quarterly and annual reports to investors;

WHEREAS, on June 16, 2025, OCIF issued an Order directed to Grantee which, among other things, appointed a third party as trustee to carry out an examination of the fund ("Special Examination");

WHEREAS, on June 25, 2025, a Consent Order was issued, through which Grantee agreed to the appointment of the trustee as the examiner in charge of the fund's Special Examination ("Consent Order"). However, Grantee did not cover the expenses of the Special Examination

conducted by OCIF, despite this being a contractual obligation under the Grant and as reflected in the Consent Order;

WHEREAS, as a result of the foregoing, OCIF found Grantee in violation of Regulation No. 9461 and the corresponding legal framework, and on February 18, 2026, OCIF issued against Grantee a Complaint and Amended Cease and Desist Order, Private Equity Fund Liquidation, and Interim and Permanent Trustee Appointment to Carry Out the Liquidation, through which it acknowledges Grantee's neglect or failure to comply with the Consent Order and the impossibility of completing the Special Examination, thereby ordering Grantee to:

(A) Cease and desist from accepting new investments.

(B) Fully cooperate with OCIF and the trustee for the taking possession of its assets, and the initiation and completion of any investigation the trustee must conduct to carry out the liquidation of the fund.

WHEREAS, the Office of Incentives for Businesses in Puerto Rico ("OI") conducted a compliance review audit of Grantee's commitments and obligations under the terms of its Grant pursuant to Chapter 4 – Private Equity Funds, of Subtitle B of the Act;

WHEREAS, the Grant includes the following provisions describing in detail Grantee's binding commitments, duties, responsibilities, and contractual obligations thereunder:

BE IT FURTHER DECREED, that compliance with the applicable requirements of clauses (a) and (b) of Section 2044.03 of the Act ("Eligibility Requirements"), will be determined for each tax year of Grantee. **If Grantee fails to comply with the Eligibility Requirements as of the end of any tax year, the activities covered by this Grant shall not be eligible for the tax benefits provided hereunder and may expose Grantee to administrative sanctions, including the revocation of the Grant, which revocation may be effective as of the first date of non-compliance**, pursuant to provisions of the Grant or the Act. Grantee's disqualification pursuant to this paragraph shall not disqualify Grantee as a Private Equity Fund or Puerto Rico Private Equity Fund in any preceding tax year, if Grantee was in compliance with the Eligibility Requirements, as applicable, during such preceding tax year, unless such preceding tax year is after Grantee's first date of noncompliance with the provisions of the Grant or Act;

BE IT FURTHER DECREED, that Grantee must continue to comply with the requirements of Section 1020.04(a)(14) and Section 2044.03(b) of the Act, as applicable, to qualify as a Puerto Rico Private Equity Fund; OTHERWISE, the Grant could be revoked;

BE IT FURTHER DECREED, that **Grantee must comply with Regulation No. 9461 approved by the OCFI** on May 15, 2023, known as "Regulation for the Supervision of Private Equity Funds" (Regulation 9461), or those other rules and regulations which may be subsequently adopted to supplement, amend or substitute



it. Grantee must request and obtain all applicable licenses required under the laws of Puerto Rico which are under the jurisdiction of the OCFI before engaging in any regulated activities under such laws, including, but not limited to, all applicable provisions of the Puerto Rico Uniform Securities Act and its regulations regarding registration and/or notification of the offering and/or sale of participations, investments and/or securities by the Grantee and/or registration and/or notification of investment advisor; PROVIDED that an OCFI waiver from the requirement to obtain any such applicable licenses shall be sufficient proof of compliance with this clause. Grantee must notify the OCFI about the approval and acceptance of this Grant, the date of its commencement of operations and contact information. **Grantee shall also comply with any applicable requirements of the OCFI and any other governmental authority which regulates Grantee's operations, as it may be applicable, including all obligations required under Section 2044.03(g) of the Act; PROVIDED that failure to comply with the obligations described in this clause may expose Grantee to the revocation of the Grant**; PROVIDED FURTHER that such failure will not result in the revocation of the Grant if Grantee provides reasonable cause and rectifies the same as soon as possible upon notice. According to Section 2044.03(g)(iv) of the Act, the OCFI has the power to conduct tests and inspections of the Puerto Rico Private Equity Fund to ensure that its operations and financial results have been properly informed, meet the fiduciary duty with its investors and comply with the requirements of the Act. **The Puerto Rico Private Equity Fund will pay the cost established by the OCFI under Regulation 9461, or those other rules and regulations which may be subsequently adopted to supplement, amend or substitute it, to perform such tests and inspections.** In the event of a breach, the OCFI may take any necessary action, including the liquidation of the Puerto Rico Private Equity Fund and cessation of additional offerings of its securities;

BE IT FURTHER DECREED, that Grantee recognizes that it is and shall continue to be **required to comply with all the laws, rules, regulations, orders and ordinances promulgated by the Government of Puerto Rico, its agencies and municipalities which are applicable to Grantee's operations, including, but not limited to, all the provisions of the Act which are applicable to Grantee, including all rules and regulations promulgated pursuant to the Act, regardless of whether or not said provisions are specifically mentioned in the Grant; PROVIDED, HOWEVER, that the Grant shall upon its acceptance by Grantee constitute a contract among the Government and Grantee and all of its shareholders, members, partners or owners**, established under the Act and subject to the Act and the provisions of Art. II, Section 7 of the Constitution of the Government of Puerto Rico;

BE IT FURTHER DECREED, **pursuant to Section 6020.09 of the Act, that in the event Grantee does not comply with any of the terms and conditions established in the Act and the Grant and such non-compliance is a sufficient basis for revocation as provided by the Grant or the Act, then, in addition to any of the remedies for said non-compliance provided by the Grant, the**



**Director of the OI, by delegation of the Secretary in Administrative Order No. 2020-010, may commence the administrative procedures to determine if the Grant should be revoked**; PROVIDED that if such revocation is based upon the provisions of Section 6020.09(a)(1) of the Act, it shall take effect upon the first date of such non-compliance and all income earned, accrued or recognized after that date shall be subject to taxation under the provisions of the Code; PROVIDED FURTHER, that if such revocation is based upon the provisions of Section 6020.09(a)(2) of the Act, the Grant shall be null and void ab initio, and all net income previously treated as totally or partially exempt hereunder shall be subject to tax under the provisions of the Code, without regard to any statute of limitations contained in the Code; and PROVIDED FURTHER, that the other consequences of such revocation shall be as stated in the Act;

BE IT FURTHER DECREED, that a determination of the revocation of the Grant under the provisions of Section 6020.09(a)(1) of the Act or the Grant will expose Grantee to the payment of income, municipal license taxes and property taxes as a totally taxable operation, which can entail the payment of reimbursements, penalties and interest, as of the effective date of the revocation, pursuant to the provisions of the Code, the Municipal License Tax Act, the Municipal Property Tax Act and the corresponding predecessor or successor acts, as applicable;

BE IT FURTHER DECREED, that during the term of the Grant, Grantee will be subject to all of the administrative requirements of the Act and the Regulations promulgated thereunder and Grantee shall comply with all of the obligations set forth in the Grant, the Act and the regulations promulgated thereunder; PROVIDED that the failure to comply with such obligations may expose Grantee to civil and criminal fines, penalties and/or other administrative sanctions, as well as the revocation of the Grant, which **revocation may be effective as of the first date of non-compliance or to the date determined by the OI, pursuant to provisions of the Grant or the Act**; PROVIDED FURTHER, that if Grantee chooses to avail itself of any of the administrative or judicial review procedures available to it under the Act or Puerto Rico law generally, the remedies for failure to comply shall not be imposed until such review procedures have been exhausted, provided that if the remedies are ultimately upheld, they shall be effective as of the date that they would have applied in the absence of such review; PROVIDED FURTHER that these remedies are in addition to, and not in lieu of, any other remedies under the Act or Puerto Rico law generally;

WHEREAS, pursuant to Sections 6011.02(b) and 6020.10(a)(4)(ii) of the Act and Administrative Order No. 2020-10, the Secretary of Economic Development and Commerce authorized the Director of the OI to carry on administrative duties of all nature, related with grants of tax exemption issued under the provisions of the Act, including the review for a grantee's compliance with the terms and conditions of its grant and applicable laws, but excluding the authority to approve or deny tax exemption grants and any other duty specifically bestowed upon him by the Act;



WHEREAS, as part of the compliance review audit performed by the OI, and in consideration of OCIF's findings, the Director of the OI hereby determines that Grantee is in noncompliance with the terms of its Grant, the laws, rules, regulations, and orders by the Government of Puerto Rico for the following reasons:

a. Failing to submit quarterly and annual reports to investors regarding its operating results and failing to present evidence of such submissions to OCIF, as required under the Act and in violation of the Grant and the fiduciary duty owed to those investors.

b. Violating the provisions of Regulation No. 9461, as concluded by OCIF in its capacity as the regulatory agency.

c. Failing to cover the expenses of the special examination conducted by OCIF, in breach of the terms of the Grant and the Consent Order.

d. Continuous noncompliance with the terms of the Grant since its approval.

e. As a consequence of all the above, failing to comply with the eligibility criteria set forth in Sections 1020.04(a)(14) and 2044.03(b) of the Act, in breach of the Grant.

NOW, THEREFORE, in light of the findings and determinations detailed above, and in consultation with the OI's designated Compliance Review Committee, IT IS ORDERED BY THE DIRECTOR OF THE OI, THAT THE GRANT BE AND IS HEREBY REVOKED, with prejudice, effective as of its date of approval, February 29, 2024; PROVIDED THAT, as a result, all tax exemptions previously afforded to Grantee as of December 30, 2022, be revoked, without prejudice to any third parties and bonafide investors not involved in the management, operations and/or activities conducted by Grantee;

BE IT FURTHER DECREED, that the revocation of the Grant will expose Grantee to the payment of state, local and municipal taxes, as applicable, which can entail the payment of any penalties and interests, as of the effective date of the revocation of the tax exemptions, pursuant to the provisions of the Internal Revenue Code for a New Puerto Rico of 2011, as amended, and the Puerto Rico Municipal Code, as amended;

It is hereby advised that Grantee may file a request for reconsideration and hearing to the DDEC within twenty (20) days from the date of this Order of Revocation, pursuant to Section 6020.09 of the Act and Section 3.15 of Act No. 38-2017, via email addressed to Compliance@ddec.pr.gov.

Registered and notified, in San Juan, Puerto Rico, on March 12, 2026.

Ernesto J. Zayas García
Director
Office of Incentives for Businesses in Puerto Rico

