IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO. 26-00712 (ESL) |
|---|---|
| THE PHOENIX FUND LLC | CHAPTER 11 |
| Debtor | FILED & ENTERED APR/15/2026 |

## OPINION AND ORDER DENYING (I) RECONSIDERATION AND (II) STAY PENDING APPEAL

This case is before the court upon the *Motion to Alter or Amend Judgment under Bankruptcy Rule 9023; and/or for Reconsideration under Bankruptcy Rule 9024; and Request for Hearing* filed by The Phoenix Fund LLC (the "**Fund**" or "**Debtor**") requesting reconsideration of the *Opinion and Order* at dkt. #33 (the "**Motion for Reconsideration**", dkt. #54); the *Opposition to Motion to Alter or Amend Judgment Under Bankruptcy Rule 9023* filed by the Office of the Commissioner of Financial Institutions of Puerto Rico ("**OCIF**", by its Spanish acronym) (dkt. #109); and the *Joinder to [OCIF's] Opposition to Motion to Alter or Amend Judgment Under Bankruptcy Rule 9023* filed by Driven, P.S.C. ("**Driven**" or "**Receiver**") (dkt. #110).

Also before the court is the *Motion for Stay Pending Appeal* filed by The Phoenix Fund Advisors LLC ("**TPF Advisor**" or "**TPFA**") (dkt. #82); the *Opposition to [TPF Advisor's] Motion for Stay Pending Appeal* filed by OCIF (dkt. #119); and the *Limited Response [] to the Motion for Stay Pending Appeal* filed by FCS Advisors, LLC d/b/a Brevet Capital Advisors ("**Brevet**") (dkt. #120).

For the reasons stated herein, the *Motion for Reconsideration* (dkt. #54) and the *Motion for Stay Pending Appeal* (dkt. #82) are DENIED.

Factual and Procedural Background

The court will briefly recount the issues before it:

**A. Who is the Debtor-in-Possession, and Finality of the *Opinion and Order***

1. On February 23, 2206, the Fund, a Puerto Rico limited liability company, filed a petition for relief under Chapter 11. See dkt. #1. The petition was executed by Francisco J. Rivera Fernández ("**Rivera-Fernández**"), president and "authorized representative of debtor" (id., p. 4).

2. The *List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* attached to the petition included The Phoenix Fund Advisor LLC[1] as an unsecured creditor holding a claim of $10,356,523.00 (id., p. 5).

3. Pursuant to the *Certified Copy of Resolution of the Manager of the Phoenix Fund LLC Authorizing the Filing of a Petition for Reorganization Under Chapter 11 of the Bankruptcy Code* ("**Corporate Resolution**", dkt. #1-1) attached to the petition and executed by Edgar J. Rivera Núñez ("**Rivera-Núñez**"), "authorized person" of the Fund:

> FRANCISCO J. RIVERA, the Company's President is hereby authorized to execute on behalf of the Company and for all the necessary documents for the filing of a Petition for Reorganization under Chapter 11 of the Bankruptcy Code;
>
> ….
>
> FRANCISCO J. RIVERA is the only seniormost Company Officer of THE PHOENIX FUND LLC and that the above is a true and correct copy of a resolution adopted by the President of said Company at a duly constituted meeting held on the 23rd day of February, 2026, in accordance with its Company's operating agreement; that said resolution has not been revoked, modified, annulled or amended in any manner whatsoever

4. The court takes judicial notice under Fed. R. Evid. 201 of the following information that is available on the Registry of Corporations and Entities of the Puerto Rico Department of State[2]:

| Entity | Main Office | Resident Agent | Administrators | Authorized Persons |
|---|---|---|---|---|
| **THE PHOENIX FUND LLC** | 243 State Rd No 2 Villa Caparra, | Edgar J. Rivera Núñez | The Phoenix Fund Advisor LLC | Edgar J. Rivera Núñez |

---

[1] The court will refer to The Phoenix Fund Advisor and The Phoenix Fund Advisors LLC as one entity.
[2] See Registry of Corporations and Entities, https://rcp.estado.pr.gov/en/search.

| | | | | |
|---|---|---|---|---|
| Register No. 404643 | GUAYNABO, PR, 00966<br><br>&<br><br>PO Box 11852, SAN JUAN, PR, 00922 | | | |
| **THE PHOENIX FUND ADVISOR LLC**<br><br>Register No. 400864 | 243 PR Road No. 2, Villa Caparra, GUAYNABO, PR, 00969<br><br>&<br><br>PO Box 11852, SAN JUAN, PR, 00922-1852 | Edgar J. Rivera Núñez | Pariter Advisors LLC | Edgar J. Rivera Núñez |
| **PARITER ADVISORS LLC**<br><br>Register No. 390902 | 243 PR-2, VILLA CAPARRA, GUAYNABO, PR, 00969<br><br>&<br><br>PO BOX 11852, SAN JUAN, PR, 00922-1852 | Pariter Advisors LLC | Francisco J. Rivera Fernández | Francisco J. Rivera Fernández |

5.     On March 11, 2026, the court entered an *Opinion and Order* (dkt. #33)[3] finding that Driven is "the entity vested with authority to file a bankruptcy petition on behalf of the Fund and act as debtor-in-possession therein", and holding that automatic stay is inapplicable to the Enforcement Action (as defined therein), "including the enforcement of the Amended Complaint and Receiver Order, the Consent Order, and the appointment of Driven … as Receiver with

---

[3] The *Opinion and Order* was entered following the filing of two (2) interrelated motions by OCIF: a *Motion for Entry of an Order to Continue OCIF's Enforcement Action or, in the Alternative for Relief from the Automatic Stay* ("*Motion to Continue Enforcement Action*", dkt. #13), and an U*rgent Motion for Order Recognizing Authority of the Pre-Petition Receiver, Driven, P.S.C., to Act on Behalf of Debtor-In-Possession* ("*Motion Recognizing Authority*", dkt. #14), each filed on February 25, 2026, and relating to the Enforcement Action. See also *Motion Submitting Certified English Translations of Relevant Spanish-Language Documents*, dkt. #67.

authority act as debtor-in-possession."[4] Driven was ordered to inform the court how it intends to proceed in this case. The *Opinion and Order* (dkt. #33) is adopted by reference.

6.      On March 25, 2026, the Fund filed the *Motion for Reconsideration* (dkt. #54) wherein it asserts that OCIF does not have statutory power to appoint a receiver because the receivership order was interim, and "what happened is that the Receivership Order was never carried into effect" (id., p. 12). The Fund argues that the pecuniary purpose test does not apply where the governmental action relates primarily to a pecuniary interest in estate property rather than to matters of public safety; and the public policy test does not apply to proceedings that effectuate public policy but does not extend to proceedings that adjudicate private rights. They also argue that because the Puerto Rico Department of Economic Development and Commerce ("DDEC" for its Spanish acronym) revoked the Fund's Act 60 tax decree following entry of this court's *Opinion and Order* at dkt. #3, the Fund is no longer subject to OCIF's regulatory regime or authority. Debtor requests that the court (1) vacate the *Opinion and Order* or (2) schedule a hearing to discuss all relevant facts and arguments.

7.      Also on March 25, 2026, TPF Advisor filed a *Notice of Appeal and Statement of Election* (dkt. #58, p. 3) of the *Opinion and Order* to the District Court. Therein, TPF Advisor claims standing to prosecute the appeal as follows:

> TPFA … is the Manager and Managing Member of the Debtor, expressly designated under the *Amended and Restated Limited Liability Operating Agreement of The Phoenix Fund, LLC* (the "Operating Agreement"), and vested with exclusive authority over the management, operation, and control of the Fund.

> Pursuant to the Operating Agreement, TPFA holds exclusive authority to manage, operate, and control the business and affairs of the Fund. This authority extends to all aspects of the Fund's administration and operations, including its assets, financing, contractual relationships, litigation, and personnel. TPFA also acts as the Fund's agent, with full power to bind it, and is authorized to enter into contracts, manage assets, obtain financing, retain professionals, conduct litigation, and direct the Fund's day-to-day operations.

> …

---

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Opinion and Order.

The Order directly and adversely affects TPFA's rights by stripping it of all authority over the Fund and the Chapter 11 case.

8. OCIF and Driven were ordered to file responses to the *Motion for Reconsideration*, due April 6, 2026. See dkt. #62.

9. On March 27, 2026, the court entered an *Order to Show Cause* (dkt. #70), *sua sponte,* which reads as follows:

> Notwithstanding the appointment of Driver as Receiver and this court's holding that "Driven, is the entity vested with authority to file a bankruptcy petition on behalf of the Fund and act as debtor-in-possession" (dkt. #33, p. 11, lines 25-26), the non-finality of the *Opinion and Order*, the filing of the *Motion for Reconsideration* by the Fund (presumably at the direction of either president and authorized person Rivera-Fernández and/or by resident agent and authorized person Rivera-Núñez), and the filing of the *Notice of Appeal* by alleged Manager and Managing Member TPF Advisor has left this court with serious doubts as to who has standing to represent the Fund before this court. The court further notes that both the Fund and TPF Advisor are represented by separate counsel —Fuentes Law Offices, LLC, and Raul Gonzalez Toro Law Offices, LLC, respectively— underscoring the court's concern that conflicting interests and litigation positions are being advanced in the purported representation of the Fund.
>
> …
>
> In light of the foregoing, Driven, the Fund, and TPF Advisor shall move the court within eleven (11) days and show cause as to who controls the Fund, and who has standing to represent the Fund's interest before this court.

Id., pp. 6-8. See *Motion in Compliance with Order to Show Cause* filed by Driven (dkt. #105, 106); *Order [Granting dkt. #106]*, dkt. #126. See also *Joint Answer to Order to Show Cause* filed by Fund and TPF Advisor (dkt. #107); *Order [Denying dkt. #107]*, dkt. #127.

10. On March 30, 2026, TPF Advisor filed a *Motion for Stay Pending Appeal* (dkt. #82) averring that the *Opinion and Order* was issued in violation of 11 U.S.C. §§ 1101(1) and 1104, and Fed. R. Bankr. P. 9001(5); that Driven lacked actual control over the Fund; that the Receivership Order lacks legal or regulatory foundation, and OCIF lacks legal or statutory power to impose an administrative receivership over the Debtor because the Office of the Commissioner of Financial Institutions Act, Act No. 4-1985, strictly limits OCIF's jurisdiction to a taxative list of "financial institutions" and "private capital fund" organized under Act No. 185-2014 or Act No. 60-2019 is not included in that list; that OCIF's jurisdiction is limited to examinations,

inspections, and compliance-related measures; that TPF Advisor was not properly brought into the administrative proceeding before OCIF; that the Fund will be irreparably harmed because it will be liquidated; that OCIF will suffer no harm if the court maintains the *status quo* pending appeal because the automatic stay does not prevent OCIF from investigating the Fund, issuing findings, imposing fines, revoking licenses, pursuing cease and desist orders, or taking any other regulatory action within its mandate; and, that no state regulator or administrative proceeding may override the Bankruptcy Code or displace a federal bankruptcy court. TPF Advisor also argues that the Enforcement Action violates both tests for the police power exception. Under the pecuniary purpose test, the exception does not apply where the action primarily relates to estate property rather than public safety; and, under the public policy test, the exception applies only where the action effectuates public policy rather than adjudicating private rights. TPF Advisor asserts that the Enforcement Action is a parallel liquidation proceeding operating outside the Bankruptcy Code, which does not establish or enforce regulatory standards. A copy of the *Amended and Restated Limited Liability Company Operating Agreement of The Phoenix Fund LLC* is attached ("**Operating Agreement**", dkt. #82-1).

11. On April 3, 2026, OCIF filed a *Motion to Inform Intent to Oppose The Phoenix Fund Advisor, LLC's Motion for Stay Pending Appeal [ECF No. 82]* (dkt. #98), averring among other things that "that the Advisor has failed to meet its burden", and "any alleged displacement of management occurred as a result of the Enforcement Action and the appointment of the Receiver, and it occurred over nine months ago, in June 2026 when OCIF issued its Original Complaint and Receiver Order."

12. On April 7, 2026, OCIF filed an *(I) Informative Motion Regarding Status of Enforcement Action and Entry of Order Appointing Receiver, on a Final Basis (II) Seeking Leave to Submit Order, in Spanish and (III) Requesting Extension of Time to Submit Certified Translation of Order in English* (dkt. #104) informing that a Final Order was issued in the Enforcement Action "granting the Complaint and Receiver Order, and therefore appointing the Receiver, on a permanent basis." Id., ¶ 7. An extension of time was granted at dkt. #113.

13. On April 7, 2026, OCIF filed an *Opposition to Motion to Alter or Amend Judgment Under Bankruptcy Rule 9023* (dkt. #109) averring, *inter alia*, that the *Motion for Reconsideration* "should be denied, as the Fund is not authorized to file it or prosecute it, as any challenge to the Complaint and Receiver Order, its scope or terms could have and should have been presented as part of the litigation in … [the Enforcement Action] and not in this Court, and the motion fails to satisfy the strict requirements for reconsideration under Fed. R. Civ. P. 59(e) … the motion cites to alleged legal propositions that are not supported … by the case law on which it relies, is incorrect in its factual and legal analysis, and fails to assert any basis on which the Opinion departed from applicable law", and does not argue any manifest error of law or fact (id., p. 2). OCIF argues that a Final Order was issued in the Enforcement Action "granting the Complaint and Receiver Order and the appointment of the Receiver and its authority to act for the Fund on a permanent basis." (id.). OCIF further argues that this court "should deny the Reconsideration Motion and continue to allow the Enforcement Action to conclude and, accordingly, that any challenges to the Complaint and Receiver Order be made through the Enforcement Action and the corresponding appellate review process in the Puerto Rico Court of Appeals" (id., p. 4). OCIF also argues that the Fund incorrectly argues the standards to appoint a trustee under Section 1104 of the Bankruptcy Code and to appoint a custodian under Section 543 thereof because the Receiver was not appointed under the Bankruptcy Code. Instead, the Receiver was appointed through the Complaint and Receiver Order by OCIF pre-petition. Further, OCIF argues that its jurisdiction over the Fund relates back to the date when the administrative proceeding began, that is, when the tax decree was in-effect, and its revocation has no effect on OCIF's authority over the Fund. OCIF argues that "decree grant language quoted in the DDEC Revocation Order provides that, '[i]n the event of a breach, the OCIF may take any necessary action, including the liquidation of the Puerto Rico Private Equity Fund and cessation of additional offerings of its securities.' See, Docket No. 54-1, p. 3" (id., p. 33), and the "Incentive Code does not require a private equity fund to have a valid tax decree to be defined as such and be subject to OCIF's regulatory powers. See, 13 LPRA § 45363" (id.).

14. On April 7, 2026, Driven filed a *Joinder to the [OCIF's] Opposition to Motion to Alter or Amend Judgment Under Bankruptcy Rule 9023* (dkt. #110).

15. On April 13, 2026, OCIF filed an *Opposition to [TPF Advisor's] Motion for Stay Pending Appeal* (dkt. #119) arguing that TPF Advisor did not appear before the court prior to the court's *Opinion and Order* or before OCIF in the administrative Enforcement Action, and further failed to appear at the final hearing for the Enforcement Action at which the Receiver was permanently appointed, thereby "forfeiting its right to be heard in the very forum in which it could and should have contested the relief it now challenges on appeal" (id., p. 2). OCIF argues that TPF Advisor lacks appellate standing because this court's *Opinion and Order* did not strip TPF Advisor's authority as manager of the Fund. Any managerial displacement occurred through the pre-petition administrative receivership in the Enforcement Action. OCIF argues that the waiver doctrine bars both the appeal and the motion for stay pending appeal; that TPF Advisor has failed to comply with Fed. R. Bankr. P. 8009(a) by failing to file a designation of the record or statement of issue by April 8, 2026; and, consequently, such issues are waived, leaving nothing for the district court to review, citing In re American Cartage, Inc., 656 F.3d 82, 90 (1st Cir. 2011). Taken together, these procedural defaults confirm that TPF Advisor cannot demonstrate a likelihood of success. OCIF argues that the proper forum to challenge OCIF's statutory authority and the validity of the Receiver's appointment, including any due notice issues, is the Enforcement Action itself and, upon exhaustion of administrative remedies, the Puerto Rico Court of Appeals, not this court. Further, OCIF argues that the relevant inquiry under 11 U.S.C. § 1101(1) and Fed. R. Bankr. P. 9001(5) is not whether the receiver obtained procession or control, but whether the receiver was the entity vested with authority to manage and control the debtor; and, that any arguments as to 11 U.S.C. § 1104 are misplaced as that section refers to a post-petition trustee appointment, and is inapplicable. As to irreparable harm, OCIF argues, *inter alia*, that TPF Advisor has remedies to challenge the Receiver's appointment in the Enforcement Action, which weighs heavily against a claim of irreparable harm. In the alternative, OCIF avers that any stay should be conditioned on the posting of a bond.

16. On April 13, 2026, Brevet filed a *Limited Response [] to the Motion for Stay Pending Appeal* (dkt. #120) arguing that a stay pending appeal would halt any and all actions in the instant chapter 11 case, including those actions that a debtor-in-possession is obligated to undertake under the Bankruptcy Code for the benefit of the estate and its creditors. The practical effect of the requested stay is not merely to maintain the *status quo* but to suspend the fiduciary obligations of the Debtor for an indefinite period. Brevet argues that TPF Advisor has failed to carry its burden of demonstrating that the harm it would suffer from the denial of a stay outweighs the burden that granting such a stay would impose on the creditors.

**B. Applications for Appointment of Professionals**

17. The Fund filed an *Application for Appointment of Fuentes Law Offices LLC as Counsel for the Debtor* (dkt. #17), an *Application for Appointment of Financial Consultant for Debtor* (dkt. #18), and an *Application for Authorization to Employ Special Litigation Counsel* (dkt. #28), disclosing retainers of $150,000, $100,000, and $200,000, respectively.

18. On March 4, 2026, OCIF filed an *Omnibus Limited Response to and Reservation of Rights Regarding the Phoenix Fund LLC's Applications for Appointment of (I) Counsel, (II) Financial Consultant and (III) Special Counsel* (dkt. #29), as thereafter supplemented jointly with Driven PSC (dkts. ##37, 57). The supplements object to the applications as unauthorized, and request an order summarily denying the applications, directing the unauthorized professionals to return the unauthorized retainers to the estate.

19. On March 23, 2026, Driven filed a *Nunc Pro Tunc Application of the Receiver, as the Authorized Representative for the Debtor-In-Possession, for Order Authorizing the Retention and Employment of Marini Pietrantoni Muñiz LLC as General Bankruptcy and Litigation Counsel* ("**Application of the Receiver**", dkts. ##42, 48).

20. On March 27, 2026, the court entered an order granting the *Application of the Receiver*. See dkt. #72.

**C. Duties of a Debtor-in-Possession**

21. On March 23, Driven filed a *Motion for Extension of Time to File Monthly Operating Report and to Serve Notice to Creditors Scheduled as Disputed, Contingent, or Unliquidated* (dkt. #43) requesting a 28-day extension to comply with MOR and schedule obligations, and advancing it "has taken actions to and will comply with the order and will inform the Court by April 1, 2026, of its proposed manner of proceeding with this case … the Receiver has considered and evaluated whether to continue the liquidation proceeding ordered by OCFI in the bankruptcy forum. This analysis entails considering several factors, including the best forum for the Receiver to carry out its ordered duties and to maximize liquidation recoveries for creditors and the estate. After evaluating this, the Receiver intends to, on or before the deadline to file its report, file its position and resolution to continue the liquidation process in the bankruptcy forum" (id., at ¶7).

22. On March 26, 2026, Driven filed a *Motion Submitting Preliminary Bankruptcy Rule 2015.3 Financial Reports* (dkt. #64).

23. On April 1, 2026, Driven filed a *Receiver and Debtor-in-Possession Report in Compliance with the Bankruptcy Court's Opinion and Order Dated March 11, 2026* (dkt. #91), which was granted on April 9, 2026. See dkt. #114.

24. On April 3, 2027, Driven filed a *Motion for Entry of an Order (I) Authorizing, Effective Nunc Pro Tunc to Petition Date, Rejection of Advisory Agreement with The Phoenix Fund Advisor, LLC and (II) Granting Related Relief* (dkt. #96) to reject a certain advisory agreement by and between the Fund and affiliate TPF Advisor, asserting that TPF Advisor has breached the same, that the services thereunder are no longer necessary, assumption for the agreement may result in $10,356,523.00 in potential cure costs.

Applicable Law and Discussion

A. Motion for Reconsideration Standard under Fed. R. Civ. P. 59(e), 60(b)

Motions for reconsideration "are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure in *haec verba*." In re Mujica, 470 B.R. 251, 253

(Bankr. D.P.R. 2012), *aff'd*, 492 B.R. 355 (D.P.R. 2013). <u>See also</u> <u>Lavespere v. Niagara Mach. & Tool Works Inc.</u>, 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied* 510 U.S. 859 (1993), abrogated on other grounds by <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075–76 (5th Cir. 1994); <u>In re Pabon Rodriguez</u>, 233 B.R. 212, 218 (Bankr. D.P.R. 1999), *aff'd*, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), *aff'd*, 17 F. App'x 5 (1st Cir. 2001), citing <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243 (10th Cir. 1991); <u>Portugues–Santa v. B. Fernandez Hermanos, Inc.</u>, 614 F.Supp.2d 221, 225 (D.P.R. 2009); <u>In re Martinez</u>, 2013 WL 3808076, at *4 (Bankr. D.P.R. 2013); <u>In re Acosta</u>, 497 B.R. 25, 31 (Bankr. D.P.R. 2013). Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief of judgment or order under Fed. R. Civ. P. 60(b)[5]. <u>See</u> <u>Fisher v. Kadant, Inc.</u>, 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)).

"These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within [fourteen (14)] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." <u>Pabon Rodriguez</u>, 233 B.R. at 219, quoting <u>Van Skiver</u>, 952 F.2d at 1243.

"The substance of the motion, not the nomenclature used or labels placed on motions, is controlling." <u>In re Lozada Rivera</u>, 470 B.R. 109, 112–113 (Bankr. D.P.R. 2012). Thus, for example, even if filed within the time limit for a motion under Fed. R. Civ. P. 59(e), a motion seeking relief on grounds of "excusable neglect" will be treated as a Fed. R. Civ. P. 60(b)(1) motion, because Fed. R. Civ. P. 59(e) does not provide a vehicle for a party to undo its own procedural failures. <u>See</u> <u>In re Lozada Rivera</u>, 470 B.R. at 113, citing 12–60 Moore's Federal Practice Civil § 60.03. <u>Also see</u> <u>United States v. $23,000 in U.S. Currency</u>, 356 F.3d 157, 164–165 (1st Cir. 2004) (even if timely filed under Fed. R. Civ. P. 59(e), a motion seeking relief on grounds of excusable neglect will be treated as Fed. R. Civ. P. 60(b)(1) motion, because Fed. R.

---

[5] Fed. R. Civ. P. 59(e) and 60(b)(1) are made applicable to adversary proceedings under Fed. R. Bankr. P. 9023 and 9024, respectively.

Civ. P. 59(e) does not provide a vehicle for party to undo its own procedural failures); Jennings v. Rivers, 394 F.3d 850, 854–856 (10th Cir. 2005) (a motion timely filed under Fed. R. Civ. P. 59(e) but asserting ground for relief specified under Fed. R. Civ. P. 60(b), should be evaluated under standards applicable to Fed. R. Civ. P. 60(b) motions).

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. To meet the threshold requirements of a successful Fed. R. Civ. P. 59(e) motion, such motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. In re Schwartz, 409 B.R. 240, 250 (B.A.P. 1st Cir. 2008), citing Pabon Rodriguez, 233 B.R. at 218. See also Mujica, 470 B.R. at 254. For a motion for reconsideration to succeed, "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." In re Redondo Constr. Corp., 2019 WL 6130938, at *3 (Bankr. D.P.R. 2019), aff'd, 621 B.R. 81 (D.P.R. 2020), quoting Mulero-Abreu v. P.R. Police Dep't, 675 F.3d 88, 94 (1st Cir. 2012). See also Pabon Rodriguez, 233 B.R. at 218; BBVA v. Vazquez (In re Vazquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir. 1997); In re Zutrau, 563 B.R. 431, 449 (B.A.P. 1st Cir. 2017), citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7, n. 2 (1st Cir. 2005), quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146, n. 2 (1st Cir. 2004).

Federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. See Pabon Rodriguez, 233 B.R. at 218. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. See id.; Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 245 (1st Cir. 2007) (motions under Fed. R. Civ. P. 59(e) are reviewed for abuse of discretion, reversing only where "the original judgment evidenced a manifest error of law ... or in certain other narrow situations").

"A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance

arguments that could or should have been presented to the district court prior to the judgment." Redondo, 2019 WL 6130938 at *2, quoting Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006). When a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Fed. R. Civ. P. 59(e) motion. See Pabon Rodriguez, 233 B.R. at 218. "Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." Redondo, 2019 WL 6130938 at *3, quoting Lepore v. Vidockler, 792 F. 2d 272, 274 (1st Cir. 1986). Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance. See Pabon Rodriguez, 233 B.R. at 218. A motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court. See Standard Química de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, 205, n. 4 (D.P.R. 1999). A such, a party moving for Fed. R. Civ. P. 59(e) relief may not repeat arguments previously made, see Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008), "rehash arguments previously rejected or … raise ones that 'could, and should, have been made before judgment issued." Soto-Padró v. Public Buildings Authority, 675 F.3d 1, 9 (1st Cir. 2012) (citations omitted). "[M]otions for reconsideration should not give parties a 'second bite at the apple' or 'another roll of the dice' ". Redondo, 2019 WL 6130938 at *2, quoting Conway v. A.I. DuPont Hosp. for Children, 2009 WL 1492178, at *4 (E.D. Pa. 2009). Also see In re Vazquez, 471 B.R. at 761("in denying reconsideration, the bankruptcy court correctly applied the First Circuit precedent against a second bite at the apple: litigants may not use Fed. R. Civ. P. 59(e) to advance arguments they could have made earlier"). "It is therefore exceedingly difficult for a litigant to succeed in a Fed. R. Civ. P. 59(e) motion." In re Mujica, 470 B.R. at 254, citing ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008).

Fed. R. Civ. P. 60(b) "attempts to balance the interest in the stability of judgments with the interest in seeing that judgments not become instruments of oppression and fraud." Alan N. Resnick and Henry J. Sommer, 10 Collier on Bankruptcy ¶ 9024.03 (16th ed. 2024). Hence, "the court may relieve a party from a final judgment, order, or proceeding" for:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

In Pioneer, the U.S. Supreme Court ruled that the determination of what constitutes "excusable neglect" is an equitable one, taking into consideration the following factors: (1) the length of the delay and its potential impact on judicial proceedings; (2) the reason for the delay, including whether it was within the reasonable control of the movant; (3) whether the movant acted in good faith; and (4) whether granting the relief will prejudice the opposing party. Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395 (1993). The Supreme Court concluded that "excusable neglect" is a flexible concept that is not limited to circumstances beyond the control of the movant. Id., at 388. The U.S. Court of Appeals for the First Circuit (the "First Circuit") incorporated the Pioneer doctrine in Pratt v. Philbrook, 109 F.3d 18 (1st Cir. 1997), and has sustained it ever since. See e.g., United States v. Union Bank for Sav. & Inv. (Jordan), 487 F.3d 8, 24 (1st Cir. 2007); Aja v. Fitzgerald (In re Aja), 441 B.R. 173, 177 (1st Cir. BAP 2011) (upholding the Pioneer test).

The most important factor in this test is the reason for the delay, which requires a statement of the reasons and a satisfactory explanation for the delay. See Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc., 270 F.3d 1, 6 (1st Cir. 2001); EnvisioNet Computer Servs., Inc. v. ECS Funding LLC, 288 B.R. 163, 166 (D.Me. 2002). No "excusable neglect" can be determined in the absence of unique or extraordinary circumstances. Fisher, 589 F.3d at 512; Haddock–Rivera v. ASUME, 486 B.R. 574, 578 (1st Cir. BAP 2013), citing Morse v. Earle (In re Earle), 2008 Bankr. LEXIS 3961, 2008 WL 8664763 (1st Cir. BAP 2008). "The trial court has wide discretion to determine the existence of neglect or lack thereof and whether it was excusable

-14-

or not." In re Lozada Rivera, 470 B.R. at 114, citing Graphic Communications, 270 F.3d at 6-7; $23,000 in U.S. Currency, 356 F.3d at 165 ("[Trial] courts enjoy considerable discretion in deciding motions brought under Civil Rule 60(b)"), and In re Shepherds Hill Development Co., 316 B.R. 406, 418 (1st Cir. BAP 2004).

B.      Stay Pending Appeal Standard

"A motion for stay pending appeal is governed by Fed. R. Bankr. P. 8007. The allowance of a motion for stay pending appeal is discretionary." In re MJS Las Croabas Props., 2015 Bankr.LEXIS 1159 at *4, 2015 WL 1651085 at *2 (Bankr. D.P.R. 2015). Courts consider a traditional four-part standard applicable to preliminary injunctions: "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." See Acevedo–García v. Vera–Monroig, 296 F.3d 13, 16, fn. 3 (1st Cir. 2002), citing Hilton v. Braunskill, 481 U.S. 770, 776–777 (1987).

"A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant. In order to grant the motion for stay pending appeal all four prongs must be satisfied. Failure to meet the four prongs dooms the motion." In re MEDSCI Diagnostics, Inc., 2011 WL 280866 at *3, 2011 Bankr.LEXIS 283 at *8 (Bankr.D.P.R.2011) (citations omitted). "Failure to satisfy even one of those requirements justifies denial of the stay." Gail v. New Eng. Gas Co., 2008 U.S. Dist. LEXIS 102678 at *38, 2008 WL 5245331 at *9 (D.R.I. 2008), citing In re Power Recovery Sys. Inc., 950 F.2d 798, 804 n. 31 (1st Cir. 1991). These factors are weighed according to the unique circumstances of each case to ensure a just result. See Palazzetti Imp./Exp., Inc., 2002 U.S. Dist. LEXIS 6558 at *7, 2002 WL 562654 at *2 (S.D.N.Y. 2001). In conducting this analysis, the U.S. Supreme Court has stated that the first two factors are the "most critical". See Nken v. Holder, 556 U.S. 418 (2009). Of those factors, yhe United States Court of Appeals for the First Circuit has established that " '[t]he *sine qua non* [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits,' " Acevedo-Garcia, 296 F.3d 13, 16 (1st Cir. 2002), quoting Weaver v. Henderson, 984 F.2d 11, 12

-15-

(1st Cir. 1993), and that, accordingly, " '[w]hat matters ... is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits[.]' " P.R. Hosp. Supply, Inc. v. Boston Scientific Corp., 426 F.3d 503, 507, n. 1 (1st Cir. 2005) (quoting the Massachusetts standard for issuing a preliminary injunction, which "closely tracks the federal standard"). Although the degree of likelihood of success is not determinative, it must be balanced with the hardships caused to the parties if the injunction is not granted. If the movant's showing of probable success on the merits is uncertain, they may be entitled to a preliminary injunction if they demonstrate a strong probability that they will be injured if the court fails to act. See Wright, Miller & Kane, 11A Federal Practice and Procedure § 2948.3 (2nd ed., 2014). To establish irreparable harm, the movant does not need to show that the injunctive relief will be fatal to the business, only that its legal remedies are inadequate. See Ross–Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996).

C.      Discussion

*Motion for Reconsideration*

Driven is the entity vested with authority to file a bankruptcy petition on behalf of the Fund and act as debtor-in-possession therein. See *Opinion and Order*, dkt. #33. TPF Advisor has recognized that it was vested with exclusive authority over the management, operation, and control of the Fund prior to the receivership. See *Notice of Appeal and Statement of Election,* dkt. #58, p. 3; *Joint Answer to Order to Show Cause*, dkt. #107. Driven and OCIF have acknowledged that the Fund's petition for relief was unauthorized. It follows that the Fund is not authorized to file the *Motion for Reconsideration* or to prosecute it, as argued by both OCIF and Driven. See dkt. #109, p. 2; dkt. # 110.

Irrespective of whether the Fund has standing to pursue reconsideration, the *Motion for Reconsideration* (dkt. #54) would still be denied for lack of good cause because it does not support or otherwise meet the requirements for relief under Fed. R. Civ. P. 59 or 60. The Fund argues that newly discovered evidence, that is, the revocation of the Fund's tax decree, warrants reconsideration as OCIF no longer has authority or jurisdiction over the Fund. The forgoing

argument should be raised in the Enforcement Action before OCIF, which is the proper forum, not this court. The Fund also argues that this court has made a manifest error of law by overriding 11 U.S.C. § 1104. The forgoing authority, which concerns the post-petition appointment of a trustee or examiner, is inapplicable to whether the police power exception of the automatic stay was and is applicable to the Enforcement Action, and whether a receiver appointed pre-petition by virtue of an administrative proceeding has standing to act as debtor-in-possession.

The motion for reconsideration does include additional information and legal support for the Fund's position, but the same does not establish any manifest error of law or fact. Therefore, the court declines to reconsider its decision that the "automatic stay is inapplicable to the continued prosecution of the Enforcement Action in the OCIF's administrative forum, including the enforcement of the Amended Complaint and Receiver Order, the Consent Order, and the appointment of Driven, P.S.C., as Receiver with authority act as debtor-in-possession, pursuant to 11 U.S.C. § 362(b)(4)." Clearly, the filing of a bankruptcy petition cannot divest a state of its police or regulatory power to enforce the welfare of its citizens, which is the case before this court, as the OCIF is not proceeding as a creditor for any monetary benefit.

*Motion for Stay Pending Appeal*

With respect to the issue of stay pending appeal, and irrespective of TPF Advisor's standing, TPF Advisor has not met its burden. As to the <u>first</u> prong, whether TPF Advisor has made a strong showing of success on the merits, the court finds that it has not. TPF Advisor failed to file a statement of issue in connection with its appeal prior to the applicable deadline. <u>See</u> <u>In re American Cartage, Inc.</u>, 656 F.3d 82, 90 (1st Cir. 2011) (discussing waiver). It also argues statutes that are inapplicable to the order on appeal. Moreover, as previously noted, the proper forum to challenge OCIF's statutory authority and the validity of the Receiver's appointment, including any alleged notice or due process issues, is the Enforcement Action itself, not this court. Success on the merits is thus unsupported and unlikely where issues on appeal were not preserved, the cited authority is inapplicable, and the federal appellate forum is improper.

As to the second prong, whether TPF Advisor will suffer irreparable harm absent a stay, TPF Advisor again fails to meet its burden. TPF Advisor has available administrative remedies to challenge the Receiver's appointment in the Enforcement Action and, upon exhaustion, may seek review before the Puerto Rico Court of Appeals. The availability of such remedies undermines any claim of irreparable harm. As to the third prong, the balance of harms weighs decisively against a stay. As argued by Brevet in its limited response (dkt. #120), a stay of the *Opinion and Order* recognizing the Receiver's authority to act as debtor-in-possession would harm both the estate and its creditors and create confusion regarding which entity is responsible for compliance with the Bankruptcy Code. These harms outweigh any alleged injury to the Fund or TPF Advisor. As to the fourth prong, that is, where the public interest lies, TPF Advisor has likewise failed to carry its burden. As this court previously noted, the OCIF Enabling Act and its implementing regulations grant OCIF authority to take any measures it deems necessary to protect public welfare, including the liquidation of a private equity fund. See *Opinion and Order*, dkt. #33. Moreover, the public interest in the expeditious administration of bankruptcy cases outweighs the "public interest" alleged by TPF Advisor, that is, "the supremacy of federal bankruptcy law over state administrative proceedings" (dkt. #82, p. 24).

TPF Advisor has thus failed to show success on the merits; that it will be irreparably harmed absent a stay because its available legal remedies are inadequate; that issuance of a stay pending appeal will not harm other parties; or, that public interest favors a stay.

Conclusion

For the reasons stated herein, the *Motion for Reconsideration* (dkt. #54) and the *Motion for Stay Pending Appeal* (dkt. #82) are hereby DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 15th day of April 2026.

Enrique S. Lamoutte
United States Bankruptcy Judge